IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DREW C. HARTLEY,[1]
   Plaintiff,

vs.           Case No. 5:08cv244/RS/MD

SGT. K. A. SHAW, et al.,
   Defendants.

## REPORT AND RECOMMENDATION

   Plaintiff, an inmate of the Florida penal system proceeding *pro se,* commenced this action on August 1, 2008 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2).  For the reasons that follow, this case should be dismissed.

   The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The court takes judicial notice of four cases previously filed by plaintiff in the United States District Court for the Middle District of Florida:  *Hartley*

---

[1] Plaintiff, whose Florida Department of Corrections DC Number is 268221, is also known as Drew Curtis Hartley.  *See* www.dc.state.fl.us.

*v. Rivera,* Case No. 3:06cv664,[2] a civil rights case dismissed on July 28, 2006 for plaintiff's abuse of the judicial process;[3] *Hartley v. Downey*, Case No. 8:94cv2020,[4] a civil rights case dismissed on January 6, 1995 as frivolous;  *Hartley v. City of St. Petersburg, Florida*, Case No. 8:94cv1481, a civil rights case dismissed on October 24, 1994 for plaintiff's abuse of the judicial process; and *Hartley v. Tuthill*, Case No. 8:94cv953, a civil rights case dismissed on June 23, 1994 as frivolous.  Plaintiff was incarcerated at the time of filing each of the foregoing cases.  Each case was dismissed prior to plaintiff filing the instant complaint.

Based on the foregoing, plaintiff is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred three "strikes" under 28 U.S.C. § 1915(g).  The allegations of the complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he was under imminent danger of serious physical injury at the time he initiated this proceeding.  *See Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999) (holding that in order to come within the imminent danger exception to the three strikes rule, a prisoner must be in imminent danger at the time he files suit in district court).  To the contrary, plaintiff's complaint concerns events occurring in August of 2004 – plaintiff claims the named defendants conspired to deny him his Fourteenth Amendment rights when they did not allow him to attend an August 10, 2004 disciplinary hearing.  (Doc. 1, pp. 20-24).

---

[2]This case may be positively identified as having been filed by plaintiff because it bears his DC#268221.

[3]A case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g).  *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that the dismissal of a case as a sanction by the Middle District properly counted as a "strike" under the "three strikes" provision of the PLRA pursuant to 28 U.S.C. § 1915(g), where the plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit [filed by him]," and although the district court in dismissing the case "may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting Section 1915(g)").

[4]This and the following cases were filed when plaintiff was detained in the Pinellas County Jail. (*See* Doc. 1, p. 18).

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of August, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**